UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IOAN BLAGA and PETRU CURESCU, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 12-cv-08049 |
| | ) | |
| OLD DOMINION FREIGHT LINE, INC., | ) | Judge John J. Tharp, Jr. |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

This lawsuit concerns the collision of two tractor-trailers on September 17, 2010. Ioan Blaga ("Blaga") and Petru Curescu ("Curescu") bring negligence claims against Old Dominion Freight Line, Inc. ("Old Dominion"). Blaga and Curescu claim that Ronald Kiser, an Old Dominion employee who died in the collision, negligently caused his truck to collide with Blaga's truck from the rear, resulting in personal and pecuniary injury to Blaga and Curescu.

Old Dominion now moves for discovery sanctions against Blaga and Curescu pursuant to Fed. R. Civ. P. 37. In its motion, Old Dominion asks the Court to dismiss Blaga and Curescu's case with prejudice, and it seeks to recover costs incurred as a result of the purported discovery violations. Old Dominion also seeks to prohibit Blaga and Curescu from introducing evidence at trial to rebut facts revealed by a previously undisclosed document. For the reasons explained below, Old Dominion's request for costs is granted, but its requests for dismissal and to bar rebuttal evidence are denied.

Beginning in February of 2013, Old Dominion served Blaga and Curescu with discovery requests, including a specific request for "Any and all DOT and State inspections of the tractor and trailer involved in the crash for the year of the collision and one year prior." Dkt. 31-3 at 33;

*see also id.* at 15 ("What maintenance (if any) had been performed on the tractor or trailer of the subject vehicle … for the 6 months prior to the Occurrence [including] … who performed the maintenance [and] who diagnosed the necessity for maintenance?"). Blaga responded that he could not recall specific information about maintenance and that he did not possess documents reflecting any inspections. *See, e.g., id.* at 16 ("I do not recall the specific dates of maintenance"); *id.* at 16 ("None at this time"). Meanwhile, through its own devices, Old Dominion discovered a California Highway Patrol Drive/Vehicle Examination Report ("California Report") related to Blaga's truck. Dkt. 31-2 at 5-6. The California Report shows that during an inspection three days prior to the collision at issue in this case, Blaga's truck was declared "Out of Service" by a California Highway Patrol inspector. *See* Dkt. 31-2 at ¶ 5; *id.* at 5-6. Shortly after discovering the California Report, Old Dominion filed its present motion for sanctions. Blaga has since produced additional maintenance and inspection records, including a copy of the California Report, to Old Dominion.[1]

This Court has broad discretion to determine the necessity of discovery sanctions, and the severity of those sanctions should be proportionate to the seriousness of the discovery violation at issue. *See James v. Hyatt Regency Chicago*, 707 F.3d 775, 784 (7th Cir. 2013) (noting that "district courts have broad discretion in discovery matters …."); *Collins v. Illinois*, 554 F.3d 693, 697 (7th Cir. 2008) ("The sanction imposed must be proportionate to the circumstances."). Plainly, Blaga should have disclosed the California Report and information pertaining to it, as

---

[1] The Court addresses only the request for sanctions against plaintiff Blaga. Petru Curescu was a passenger in Blaga's truck, although it is unclear whether Blaga or Curescu was driving the truck at the time of the collision. It is clear, however, that Curescu was not present for the inspection in California that resulted in the report Blaga purportedly withheld during discovery, nor was he aware of the inspection and the report. *See* Dkt. 36-1 (Aff. of Ioan Blaga at ¶¶ 3, 5); Dkt. 36-2 (Aff. of Petru Curescu at ¶¶ 3-4). Since it is apparent that Curescu did not take part in the discovery violation complained of by Old Dominion, the Court will not impose any sanctions against Curescu.

well as the additional records produced after the defendant filed its motion. The California Report is responsive to multiple interrogatories and requests for production, and a diligent review of Blaga's records would have revealed that he possessed a copy of the report. Because Blaga did not adequately fulfill his discovery obligations, and because the document Old Dominion endeavored on its own to discover was responsive to its discovery requests, this Court finds that monetary sanctions against Blaga are appropriate.

Fed. R. Civ. P. Rule 37(b)(2)(C) empowers this Court to "order the disobedient party … to pay the reasonable expenses, including attorney's fees, caused by the [discovery] failure…." This sanction is appropriate unless the failure is "substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. Rule 37(b)(2)(C). The Court does not find that Blaga's asserted defenses—a language barrier, memory problems, or trouble managing his estate—*substantially* justifies his failure to disclose the California Report (or other information relating to the inspection in question) that is plainly responsive to Old Dominion's discovery requests and was in Blaga's possession. *See, e.g., Hunt v. City of Minneapolis, Minn.*, 203 F.3d 524, 528 (8th Cir. 2000) ("PTSD cannot provide an excuse for [plaintiff's] numerous and varied failures to comply with court orders and procedural rules."). The Court assesses sanctions against Blaga in the amount of $500.00 to offset, in part, the costs necessary to obtain the California Report.

Old Dominion also requests that Blaga and Curescu be barred from rebutting the information contained in the California Report at trial. This is essentially a request that it be taken as established that Blaga's truck was "out of service" at the time of the collision in question. While Blaga's delay in disclosing the California Report or information about the inspection was unreasonable, to foreclose any opportunity for Blaga and Curescu to rebut facts

disclosed in the California Report is, at this point in the case, a penalty disproportionate to Blaga's violation and not well aligned with the truth-seeking function of the adversary process. This particular request is therefore denied.

Old Dominion further requests dismissal of Blaga and Curescu's suit in its entirety. In denying Old Dominion's request for the sanction of dismissal, the Court notes that dismissal for a discovery violation is considered an exceptional remedy to be taken only in response to extreme conduct evincing bad faith, willfulness, or fault. *See Maynard v. Nygren*, 332 F.3d 462, 467 (7th Cir. 2003) ("*Maynard I*") ("Of all possible sanctions, dismissal is considered 'draconian,' and we must be vigilant in our review."); *Brown v. Columbia Sussex Corp.*, 664 F.3d 182, 190 (7th Cir. 2011) (describing necessity of evidence of bad faith, willfulness, or fault for Rule 37 sanctions). This Court will take into account the prejudice to Old Dominion caused by the violation as well as the possible merits of Blaga and Curescu's suit. *See Maynard v. Nygren*, 372 F.3d 890, 892–93 (7th Cir. 2004) ("*Maynard II*") (considering prejudice to the defendant and weakness of plaintiff's case); *Rice v. City of Chicago*, 333 F.3d 780, 784 (7th Cir. 2003) (considering prejudice to other litigants) (citation omitted).

Old Dominion has not shown that Blaga's failure to disclose the California Report created prejudice sufficient to warrant the drastic sanction of dismissal. Depositions have apparently not yet been taken in this case, and a trial date has not been set. Old Dominion's own discovery of the California Report and Blaga's late production of the same mitigates any prejudice resulting from the violation. In addition, Old Dominion has not adequately explained how the information contained in the California Report is dispositive of Blaga and Curescu's case against them. Old Dominion asserts that Blaga concealed information "vital to the cause of the collision" because "[a]t the time of the collision, Plaintiffs were illegally operating the

subject tractor in a state of disrepair." Dkt. 31 at 2. It is still unclear, however, whether the once-withheld document and information about the inspection, or the fact of the truck being declared "out of service," assists in answering the ultimate question of causation in this case. For these reasons, and because the Court finds that dismissal would not be proportionate to the circumstances at issue here, Old Dominion's request for the sanction of dismissal is denied.

For the above reasons, a monetary sanction is imposed upon Blaga in the amount of $500.00.

Date: January 28, 2014

John J. Tharp, Jr.
United States District Judge