# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| Ioan Blaga and Petru Curescu, | |
| Plaintiffs, | Case No. 12 C 8049 |
| v. | |
| Old Dominion Freight Line, Inc., | Judge John Robert Blakey |
| Defendant. | |

## MEMORANDUM OPINION AND ORDER

This is an action for negligence stemming from a truck accident that occurred on September 17, 2010. Plaintiffs Ioan Blaga ("Blaga") and Petru Curescu ("Curescu") brought this action seeking damages for, among other things, lost wages, lost business and damage to credit. Over the course of several years, and despite multiple orders from this Court, Blaga has refused to provide documentary evidence substantiating his damage claims. As a result, the Court now considers Old Dominion Freight Line, Inc.'s Sixth Motion to Compel (and/or to enforce previous court orders) against Ioan Blaga and for Entry of Sanctions. [171]. That motion is granted in part and denied in part as explained below.

### I. Background

Plaintiffs' Amended Complaint [15] alleges that they were rear-ended by Ronald Kiser, an employee of Old Dominion Freight Line, Inc. ("Old Dominion"), on September 17, 2010. Plaintiff Blaga asserted two claims: Count I for negligence causing personal injury, and Count III for negligence causing property damage. *Id*.

at 1, 4. Count I does not specify damages sought, but is focused on Blaga's personal injury. *Id*. at 4. Count III alleges that Blaga suffered pecuniary injury due to the damage to his truck/trailer and the damage to his business. *Id*. at 5. In his prayer for relief, Blaga requests "compensatory damages in an amount according to proof at trial." *Id*. Despite this lack of specificity, it has become apparent throughout the course of discovery that Blaga is seeking damages for at least the following: lost wages, lost business, damage to his credit, personal injury, and damage to his truck.

On February 4, 2013, Old Dominion served its written requests for discovery. [21-1]. Relevant here, the requests sought information concerning certain financial accounts (*i.e.*, banks, loans, etc) belonging to the Plaintiffs. [21-5] at RFPs 88-92, 98, 120 & 123. This Court has granted, in large part, five motions to compel against the Plaintiff relating to these and other documents. *See* [21], [23]. [29], [110], [137]. The Court has also entered monetary sanctions against Blaga for his discovery failures. [48].

On August 21, 2014, the Court granted (in large part) Old Dominion's Fourth Motion to Compel against Blaga. [90] 4th MTC; [110] Order; [171-1] Transcript. The Court ordered that Blaga produce information regarding the "bank accounts and/or loan documents" identified in Section 7 of the Fourth Motion to Compel. [171-1] at 14:1-9. Section 7 read:

> "Old Dominion's review of the eight-hundred-plus pages of documents Blaga belatedly produced *after* Old Dominion filed its Motion for Sanctions *reveals the existence of several other accounts, loans and/or bank records* that Blaga has never identified. [TCF Bank, Chase Bank (ending in -9679) and Wells Fargo (ending in -8448)]. Information and/or records for these

accounts/loans, etc. (and any others that have not been previously disclosed) is responsive to Requests Nos. 88-92, 98, 120 & 123." [91] at 13-14.

In order to facilitate discovery, the Court ordered that Old Dominion serve specific requests for information concerning the accounts at issue in section 7. *Id*. Old Dominion served those requests on August 29, 2014, seeking:

> "Any and all bank statements, loan documents, credit card records/documents and/or related records for Plaintiff and/or businesses owned and/or operated by Plaintiff, from 2005 through the present. This request includes, but is not limited to, accounts/loans/etc. with TCF Bank, Chase Bank (ending in -9679) and Wells Fargo (ending in -8448) that Old Dominion has previously identified." [171-3].

Blaga filed a response to those requests on or about September 23, 2014, but – despite the Court's order – he did not produce any of the requested documents. [171-4]. Blaga's response was signed by his counsel, and included an affidavit of completeness signed by Blaga himself. *Id*. There, Blaga swore that "Plaintiff's Response to Request for Production from Defendant Old Dominion Freight Lines, Inc. and the documentation provided therein are true and complete in substance and in fact, to the best of his knowledge . . . plaintiff has provided the documents he has been able to locate that are within his possession and control." *Id*.

Because Blaga did not produce any documents in response to this Court's 8/21/14 order, and because Old Dominion had evidence that at least three additional accounts existed, Old Dominion filed its Fifth Motion to Compel and/or Enforce Previous Orders on October 16, 2014. [116]. The Court held a hearing regarding the Fifth Motion to Compel on October 21, 2014. [171-5]. At the hearing, the Court noted that Blaga's affidavit of completeness was inadequate and added:

3

> "Mr. Blaga and Mr. Curescu are at the end of their rope in terms of moving this case forward, and they are the plaintiffs in this case. It is inexcusable for them to be playing games. And to be fair to Mr. Curescu, this appears primarily to be a Mr. Blaga problem. It's inexcusable to be playing games with discovery in a case that he brought. If he wants to bring a claim in federal court, then he's got to comply with the rules and the expectations which are to produce relevant, responsive documents that are necessary for him to pursue his claim and for them to defend against that claim. If he cannot do that, if he cannot produce documents that are necessary to assess his claim that he lost wages, that he lost business, **then he's not going to have those claims to pursue**." [171-5] at 11:5, 12 (emphasis added).

The Court generously granted Blaga another extension of time by which to comply with the previous discovery orders, and to produce the relevant documents concerning financial accounts. *Id*.

On November 1, 2014, Mr. Blaga signed another affidavit of completeness. [171-12] at 3. That statement read: "after a thorough and diligent search of all documents within his custody and control, Plaintiff has produced the documents requested for production from Defendant Old Dominions Freight Line, Inc. and the documentation provided is true and complete in substance and in fact, to the best of his knowledge." *Id*. Once again, he did not produce any additional documents.

At a hearing on November 12, 2014, the parties discussed Blaga's repeated failure to make the required production and the Court gave him until December 10, 2014 to do so. [171-6] at 10-18. The Court entered the following Order on November 12, 2014:

> "With respect to Mr. Blaga, the production of any further responsive documents that are in the physical custody of others, but within Mr. Blaga's constructive possession, custody or control, must be produced by 12/10/14; Mr. Blaga will not be permitted to rely on any such document not produced by 12/10/14 to support his claims. Further, Mr. Blaga will not be permitted to rely on any further documents responsive to plaintiff's discovery requests

4

that are in his actual possession that have not been produced as of today's date." [132].

The parties appeared in Court on December 16, 2014 to discuss Blaga's compliance with the 11/12/14 order. *See* [171-7]. At that time, Counsel for Blaga specifically stated, "we have produced pursuant to your Honor's November 12th order absolutely everything that exists that Mr. Blaga could put his hands on. He simply, as his affidavit states, does not have any additional information." *Id.* at 9. He also said "there is no other documentation. I assure the Court there is no other documentation in our possession or in Mr. Blaga's possession." *Id.* at 12.

The Court responded by noting that if Old Dominion were to get "additional evidence that suggests [Blaga's] certification, his representation, is not accurate, then I can address that potentially further, but right now he's representing, Mr. Peraica is representing that there is nothing more. At this juncture, there is nothing more—no more relief that I can give you other than say that to the extent there turns out any more, I will address that question if and when it comes up . . . " *Id.* at 13:22-25.

In the Sixth Motion to Compel, the motion currently before this Court, Old Dominion provided documentary evidence that (despite the Plaintiff's representations to the Court) there were, in fact, additional financial accounts for which Blaga had not produced the requested information. [171-11]. This included: TCF Bank, Chase Bank (ending in -9679), Wells Fargo (ending in 8448), CapitalOne, Optimum MasterCard, Bank of America, Home Depot (ending in -0883), FIA Card Services, NA, HSBC Card Services, Inc., Toyota Financial Services,

Honor Acceptance Corp., Target National Bank, Grossinger Toyota, and BSG Services, LLC. *Id.*

Nonetheless, while discussing the Sixth Motion to Compel before this Court on April 9, 2015, counsel for Blaga said "we have given [Counsel for Old Dominion] everything that has been able to be gathered. We have given him several affidavits signed by Mr. Blaga that he has tendered all documents in question, that there are no other documents." 4/9/15 Tr. at 14-15. Seeking to determine the veracity of that statement, and countless previous statements like it, the Court ordered that "[f]or each discovery request and for each account listed, Plaintiff Blaga shall provide the following information:

1. the date and exact manner in which he requested the relevant account documents;
2. the exact response he received to that request and the date on which he received that response;
3. a complete list of all documents produced for each account; and,
4. if there were no documents for any given account that were within the Plaintiff's possession, custody, or control, the Plaintiff and his counsel shall specifically attest to the fact that they attempted to retrieve the relevant documents and found that there were no documents within the Plaintiff's possession, custody or control." [181].

Blaga, however, chose not to comply with that Order. Instead, on April 23, 2015, Blaga filed a fourteen page response to the Court's 4/9 Order that was full of obfuscation and misdirection. [182]. Of those fourteen pages, four sentences were nominally devoted to the Court's 4/9 Order. *Id.* at 10-11. However, they did not provide *any* of the information required by the Court. *Id.* The response did not provide any information concerning the efforts made by Blaga to secure the requested discovery, and it did not provide any evidence concerning the fruits of

6

those efforts. In fact, Blaga's counsel was specifically asked by this Court whether his firm ever made "any type of request to obtain bank records [from Wells Fargo] regarding" Mr. Blaga's account. He responded: "No. Directly from our firm to the third party, no, Judge."

## II. Legal Standard

If a party fails to obey a discovery order, the Court may enter an order "(ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence; (iii) striking pleadings in whole or in part; [or] (v) dismissing the action or proceeding in whole or in part." Fed. R. Civ. P. 37(b)(2). District courts have wide discretion in supervising discovery and deciding whether or not to impose sanctions. *Hunt v. DaVita*, 680 F.3d 775, 780 (7th Cir. 2012). In deciding upon a sanction, the Court does not weigh the most recent failing of the recalcitrant party in isolation, but in light of "the entire procedural history of the case." *Long v. Steepro*, 213 F.3d 983, 986 (7th Cir. 2000).

## III. Analysis

Blaga has failed to comply with this Court's discovery orders in two ways: (1) he has repeatedly refused to produce documents in discovery, including documents from the financial accounts requested by Old Dominion, and (2) he has refused to comply with the Court's 4/9 Order regarding his discovery efforts.

For example, the procedural history of this case shows Blaga's continued and intentional failure to comply with the Court's discovery orders regarding his

financial accounts. The documents at issue here were originally requested on February 4, 2013. The Court has ordered the production of these documents on 6/4/13 [29], 8/21/14 [110], 10/21/14 [122], and 11/12/14 [132]. Blaga has repeatedly claimed that he produced all of the material in his possession, custody or control – including in two affidavits of completeness and several filings with this Court. Blaga's counsel has likewise told the Court that Blaga's production was complete, both at hearings and by signing filings. However, the evidence provided by Old Dominion in Exhibit K to their Sixth Motion to Compel shows quite clearly that Blaga has a number of financial accounts for which he has not produced the required information. Blaga's refusal to produce these documents is particularly worrisome because his response to the 4/9 Order shows that Blaga has not made *any effort* to secure his own account information from the banks – a relatively simple task involving documents within his control. In light of Blaga's response to the 4/9 Order, then, it appears that Blaga and/or his counsel were either intentionally dishonest or highly negligent in repeatedly telling the Court that the production was complete.[1] Because Blaga has repeatedly failed to comply with Court orders compelling him to produce documents related to his own financial

---

[1] The Court notes that, unfortunately, there is evidence in the record suggesting that Blaga and his counsel have engaged in similar conduct on at least one other occasion. According to the declaration of Sohan Joshi, a third party accountant who was subpoenaed by Old Dominion, counsel for Blaga told him that he "should not produce anything in response to the subpoenas and that [he] should ignore them." [183-8] at ¶ 8. That declaration also states: "Mr. Braga [sic] stated to me that I should not worry about it, that I should 'get rid of any of [my] records,' that I should tell the lawyers that I have nothing concerning him because all of my office computers and that my computers had crashed." *Id*. at ¶ 12. While Blaga and his counsel denied making those statements, and the Court did not need to make an evidentiary finding regarding the veracity of such allegations, the dispute itself remains highly troubling.

accounts, and has failed to even make the effort to determine whether the requested documentation within his control is available, sanctions are merited here.

At a minimum, sanctions are also merited because Blaga blatantly refused to comply with the Court's 4/9 Order. There, the Court ordered that Blaga produce information regarding: (a) his efforts to comply with his discovery responsibilities, and (b) the fruits of those efforts. Blaga provided absolutely none of the information or evidence ordered by the Court. Particularly flagrant, then, is the fact that in response the Court's 4/9 Order, Blaga's filing (which was signed by his counsel) again repeated his counsel's previous false assertion that "[w]e have produced pursuant to your Honor's November 12th order absolutely everything that exists that Mr. Blaga could put his hands on. He simply, as his affidavit states, does not have any additional information." [182] at 7-8. Not only did Blaga clearly fail to comply with the Court's 4/9 Order, which was designed to verify whether he had fulfilled his discovery obligations relating to his financial accounts, but he then stated in bad faith that his production was complete. As the record makes clear, however, he did not make the requisite effort to ascertain that completeness.

In short, sanctions are merited here given Blaga's failure to comply with: (1) the Court's orders to produce the financial documents, and (2) the 4/9 Order to provide certain information regarding his discovery efforts. Each of the orders that Blaga failed to comply with concerned the production of financial documents that were necessary to ascertain his claimed damages for lost wages, lost business and damage to his credit. Blaga's continued failure to comply with the Court's orders

will directly affect Old Dominion's ability to defend against those damage claims, and a sanction should be tailored to rectify that issue. As such, Plaintiff Blaga is barred from presenting any evidence, making any arguments, or asserting any claims regarding damages for lost wages, lost business, or damage to his credit. Neither Blaga, nor any business owned and/or operated by Blaga, shall be permitted to recover damages for lost wages, lost business, or damage to credit.[2] Additionally, the portion of Plaintiff's Complaint [15] located in paragraph 23 reading "and damage to his said business" is hereby stricken.

## IV. Conclusion

Old Dominion's Motion for Sanctions [171] is granted as explained above. Because sanctions have been entered, and Blaga is barred from recouping damages for lost wages, lost business, or damage to his credit, the motion to compel is denied as moot.

Dated: May 7, 2015          Entered:

_____
John Robert Blakey
United States District Judge

---

[2] The Court is aware that Blaga's business is closely related to both Curescu and third party Maktrans Logistics, Inc. Any attempt to circumvent this order by shoehorning Blaga's damages into the claims by Curescu and/or Maktrans will not be permitted. Should such issues arise, they will be addressed at the Final Pre-Trial Conference – unless they require more urgent attention.