# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| Ioan Blaga and Petru Curescu, | |
| Plaintiffs, | Case No. 12 C 8049 |
| v. | |
| Old Dominion Freight Line, Inc., | Judge John Robert Blakey |
| Defendant. | |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant's motion for costs and fees [187], and petition for costs and fees. [196]. The Court previously granted Defendant's motion for sanctions against Plaintiff Blaga in relation to several failures to comply with the Court's discovery orders. [186]. In that Order, the Court sanctioned Blaga by barring him from recovering "damages for lost wages, lost business, or damage to credit." *Id*. It also struck a portion of Blaga's Complaint. *Id*. The Court did not, however, address monetary sanctions at that time. The Defendant thus filed a motion for costs and fees and, at the Court's request, a petition for costs and fees. Pursuant to Federal Rule of Civil Procedure 37, and as explained in more detail below, the petition [196] is granted in its entirety and the related motion [187] is granted in part and denied in part.

## I.   Background

Over the past several years, and despite multiple orders from this Court, Plaintiff Blaga has refused to produce evidence related to his damage claims. At

the same time, both he and his counsel have made a series of misleading or false statements regarding the completeness of Blaga's production. While Blaga's failures are discussed in detail in the Court's 5/7/2015 Order [186], a brief review of those failures is useful here.

The discovery at issue commenced on February 4, 2013, when Defendant served its written requests for discovery. [21-1]. Those requests sought information concerning certain financial accounts belonging to Blaga. [21-5]. Through the course of this litigation, the Court has granted, in large part, five motions compelling the production of documents related to those accounts. *See* [21], [23]. [29], [110], [137]. Blaga did not produce the documents as ordered. In fact, neither Blaga nor his counsel reached out to the financial institutions at which Blaga had accounts in order to determine if the requested information was available, or to obtain that information. [182]. Despite this, both Blaga and his counsel made a number of statements that Blaga's production was complete. *See* [186]. As the evidence would later show, it was not. *Id.*

On April 9, 2015, this Court entered an order requiring Blaga to describe his efforts to obtain the relevant financial discovery, and the fruits of those efforts. [181]. Blaga responded with a fourteen page brief that, while prepared and signed by his counsel, failed to provide *any* of the information required by the Court. [182]. In addition, Blaga's counsel confirmed in Court that he had never reached out to any of Blaga's financial institutions in order to ascertain if they had the requested information. [186]. In light of these refusals to comply with its discovery orders,

the Court granted Defendant's motion for sanctions on 5/7/2015 and barred certain damage claims. *Id.* In that Order, the Court made it clear that the discovery failures at issue were the fault of both Plaintiff Blaga and his counsel. *Id.*

On May 11, 2015, the Defendant filed its motion for costs and fees. [196]. That motion requests costs and fees for counsel's efforts in preparing Defendant's fourth, fifth, and sixth motions to compel. *Id.* The Court determined, however, that an award for costs and fees related to all three motions would not be proper under Rule 37. The Court found that Defendants were not entitled to costs/fees for their fourth motion to compel for two reasons: (1) it was not sufficiently clear that that motion was necessitated by Blaga's discovery misconduct; and (2) an award for fees in relation to that motion may have been unjust under Rule 37 – (as a very small part of the fault in this discovery morass lie with Defendant for failing to effectively pursue other avenues of discovery, including the issuance of subpoenas). To be clear, this in no way diminishes the overwhelming fault attributed to the Plaintiff and his counsel for their repeated discovery violations. It was those violations that required the Defendant to file both the fifth and the sixth motions to compel. Upon reviewing the parties' briefing on Defendant's motion for costs and fees [196], the Court requested a petition for costs and fees related to only the fifth and sixth motions to compel. Defendant provided that petition without objection on May 28, 2015. [196]. It is that petition, along with the Defendant's previously filed motion for costs and fees, that are now before the Court.

## II.   Legal Standard

Under Rule 37, if a party fails to obey a discovery order the Court may impose a variety of sanctions.  Fed. R. Civ. P. 37.  Those sanctions include striking pleadings, dismissing the action, entering a default judgment, and barring evidence. *Id.*  Instead of or in addition to those sanctions, "the court *must* order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." *Id.* (emphasis added).  "District courts possess wide latitude in fashioning appropriate sanctions and evaluating the reasonableness of the attorneys' fees requested." *Johnson v. Kakvand*, 192 F.3d 656, 661 (7th Cir. 1999).

## III.   Analysis

### a.   Sanctions for Plaintiff Blaga and his Counsel

Rule 37(c) specifically allows the Court to impose monetary sanctions against both the offending party and its counsel.  Such an award is appropriate here. Plaintiff, with his counsel's advice and guidance, directly disobeyed a series of this Court's discovery orders.  That behavior is set out in more detail in the Court's 5/7/2015 Order. [186].  Briefly, the Plaintiff repeatedly refused to produce information regarding his financial accounts that had been requested by the Defendant and ordered produced by the Court.  He made statements and submitted discovery papers stating that he had produced all of the required documents when: (1) that was not true; and (2) Plaintiff had failed to take the reasonable and

4

requisite steps to determine whether any additional documents existed. Plaintiff's counsel assisted in this course of conduct by preparing discovery papers, submitting the misleading affidavits signed by Plaintiff, and making misleading statements in Court. Plaintiff's counsel did all of this without ever reaching out to the financial institutions regarding the required discovery within Plaintiff's control, or verifying that his client had reached out. Further, counsel completely disobeyed this Court's 4/9/2015 order [181] by refusing to provide *any* of the information required by the Court. The failures of Plaintiff and his counsel to comply with this Court's orders were not substantially justified, nor have they showed any reason why an award of sanctions would be unjust.

Plaintiff and his counsel have provided no adequate explanation for their failure to comply with this Court's orders or provide the requested discovery. Plaintiff claims damages for lost business, but refused to provide the information necessary to determine the state of that business. He did so, with the assistance of counsel, in direct contravention of several of this Court's discovery orders. When ordered to provide an accounting of their efforts to obtain the relevant discovery, Plaintiff and his counsel did not provide any of the information this Court required. The misconduct by Plaintiff and his counsel has been part of a continued and intentional failure to comply with the discovery process, and there is no justification for such conduct.

As both Plaintiff and his counsel are at fault for the failure to comply with the Court's discovery orders, the sanction of fees and costs will be entered against

both of them – jointly and severally. Fed. R. Civ. P. 37(b)(2)(C); *Webb v. CBS Broad., Inc.*, No. 08 C 6241, 2010 WL 3937460, at *1 (N.D. Ill. Oct. 5, 2010).

### b. Reasonableness of Fees

To determine a reasonable fee award under Rule 37, the Court applies the framework set out by the Supreme Court in *Hensley v. Eckerhart*, 461 U.S. 424 (1983). Under Hensley, the "most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley*, 461 U.S. at 433. In determining the reasonable hourly rate for an attorney, Seventh Circuit courts often look at what the attorney's paying clients have agreed to pay him or her. *See, e.g., Assessment Techs. of WI, LLC v. WIREdata, Inc.*, 361 F.3d 434, 438 (7th Cir. 2004). The party seeking fees has the burden of proving the market value; however, once an attorney "provides evidence establishing his market rate, the opposing party has the burden of demonstrating why a lower rate should be awarded." *Gautreaux v. Chi. Housing Auth.*, 491 F.3d 649, 659-60 (7th Cir. 2007).

In determining the reasonableness of the time an attorney spent in bringing a discovery motion, courts often consider "the length of the motion or memorandum, the complexity of the case, and the amount of authority the document refers to." *Gray v. U.S. Steel Corp.*, 284 F.R.D. 393, 397 (N.D. Ind. 2012); *Krumwiede v. Brighton Assocs., L.L.C.*, 2006 WL 2349985, at *2 (N.D. Ill. Aug. 9, 2006) (refusing to reduce the number of hours in petition due to "complex[ity]" of dispute). Courts also frequently take into account "the ferocity" of an opposing attorney's "handling

of the case." *Krumwiede*, 2006 WL 2349985, at *1-2; *see also SKF USA Inc. v. Bjerkness*, 2011 WL 4501395, *5 (N.D. Ill. Sept. 27, 2011).

The Court, after carefully reviewing Defendant's petition for costs and fees, finds those costs and fees reasonable. First, with regard to the hourly rate charged by Defendant's counsel, the Court notes that Defendant provided evidence of his counsel's market rate in its petition for fees. That market rate is $360 per hour. Notably, that rate included a reduced fee arrangement below counsel's normal hourly rate. Defendant has not objected to this evidence or requested that a lower rate be employed. The Court therefore finds that the hourly rate proposed by the Defendant is reasonable.

Second, the Court finds that the amount of time spent litigating the discovery disputes was reasonable. The fifth and sixth motions to compel required Defendant to address years of discovery violations, correspondence, hearings and court orders. They also required that counsel for Defendant meet and confer with Plaintiff and review Plaintiff's document productions. From the documents evidencing the meet and confer process alone, it is evident that Defendant went to great lengths to avoid filing the fifth and sixth motions to compel – but was forced to by Plaintiff's misconduct.

The fifth and sixth motions were lengthy, detailed and comprehensive. The fifth motion was fourteen pages long and attached thirteen exhibits. [118]. With regard to the sixth motion, Defendant filed: (1) a seventeen page motion attaching twelve exhibits, and (2) an eighteen page reply brief attaching 8 exhibits.

Defendant's motions convincingly set forth the overwhelming evidence against the Plaintiff and his counsel. In arguing those motions, Defendant's counsel had to appear in court on multiple occasions. All of the aforementioned work occurred over the course of roughly seven months. The Court finds that 29.4 and 62.6 hours spent on work related to the fifth and sixth motions to compel is a reasonable amount of time. The Court also sees nothing unreasonable in Defendant's relatively minor request for costs. Finally, the Court notes that the total amount of costs and fees requested does not include time billed by the supervising partner or fees for legal research. Thus, it appears the total requested is a discount from what counsel might normally charge. The Court finds that, consistent with the requirements of *Hensley*, the costs and fees requested by Defendant are reasonable.

## IV.  Conclusion

Defendant's motion for costs and fees [187] is granted in part and denied in part. The Court grants Defendant's motion with regard to the fifth and sixth motions to compel, and denies that motion with regard to the fourth motion to compel. Additionally, the Court grants Defendant's petition for costs and fees. [196]. Defendant is awarded attorneys' costs and fees in the amount of $33,067.65. The Plaintiff Blaga and his counsel are jointly and severally liable for that amount, which shall be paid to Defendant within 30 days of this order.

Dated: June 29, 2015                                  Entered:

_____

John Robert Blakey
United States District Judge